```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS C. RICKS,

                 Petitioner,
                                            DECISION AND ORDER
      -vs                                   No. 10-CV-0785(MAT)

SUPERINTENDENT OF THE
MARCY CORRECTIONAL FACILITY,

                 Respondent.
_____
```

## I.  Introduction

Pro se petitioner Thomas C. Ricks ("Ricks" or "Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that he is being unconstitutionally detained in Respondent's custody. Ricks is incarcerated pursuant to a judgment of conviction entered against him in New York State Supreme Court, Erie County, on July 17, 2006, following his plea of guilty to sodomy in the first degree (five counts) and endangering the welfare of a child (one count).

## II. Factual Background and Procedural History

Under Erie County Indictment No. 01271-2005, Petitioner was charged with five counts of sodomy in the first degree (N.Y. Penal Law ("P.L.") § 130.50(4)) and one count of endangering the welfare of a child (P.L. § 260.10). Petitioner elected to forego a trial and entered a guilty plea to all six counts of the indictment.

Following a hearing, Petitioner was adjudicated a second felony offender and sentenced to concurrent terms of eight years of incarceration on each sodomy conviction, and a concurrent one-year term of incarceration on his conviction for endangering the welfare of a child. Petitioner was also sentenced to a mandatory five-year term of post-release supervision.

On direct appeal, Petitioner challenged the trial court's adjudication of him as a second felony offender, arguing that it improperly relied upon a document from Colorado confirming his status as a predicate felon. On March 19, 2010, the Appellate Division, Fourth Department, of New York State Supreme Court modified the judgment by vacating the sentence and remitting the matter for re-sentencing. People v. Ricks, 71 A.D.3d 1444, 1444 (App. Div. 4th Dept. 2010) ("We agree with defendant that [the trial court] erred when, over his objection, it admitted in evidence at the second felony offender hearing the Colorado fingerprint record and the Colorado judgment of conviction without the certifications required by [New York Civil Practice Law & Rules] 4540(c)[.]") (citations omitted). Upon remittal, the prosecution was permitted "to overcome the technical defects of [its] proof" as to Ricks' predicate-felon status. Id. (quotation omitted).

A second predicate felony hearing was conducted on June 28, 2010, after which the trial court again adjudicated Petitioner a

second felony offender. Petitioner was re-sentenced on August 2, 2010, and received the same sentence.

Petitioner appealed the re-sentencing, perfecting his appeal on July 12, 2011. The prosecution submitted a reply on August 11, 2011, and the Appellate Division heard oral argument on December 6, 2011. On December 23, 2011, the Appellate Division issued an order reversing the judgment and remanding the matter again for re-sentencing because the deficiencies in the prosecution's proof in support of Ricks' predicate felony status remained unremedied. People v. Ricks, No. 10-01756, 1398, 90 A.D.3d 1562, ___ N.Y.S.2d ___, 2011 WL 6464268, 2011 N.Y. Slip Op. 09460 (App. Div. 4th Dept. Dec. 23, 2011).

The Appellate Division found that at the second predicate felony hearing, the prosecution submitted a fingerprint record from Colorado that was properly authenticated by the agent in charge of the identification unit for the Colorado Bureau of Investigation in conformance with the first requirement of C.P.L.R. 4540(c).[1] People v. Ricks, 2011 WL 6464268, at *1. However, the document that

---

[1] Pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") 4540(c), "[w]here the copy [of an official publication] is attested by an officer of another jurisdiction, it shall be accompanied by a certificate that such officer has legal custody of the record, and that his [or her] signature is believed to be genuine, which certificate shall be made by a judge of a court of record of the district or political subdivision in which the record is kept, with the seal of the court affixed; or by any public officer having a seal of office and having official duties in that district or political subdivision with respect to the subject matter of the record, with the seal of his [or her] office affixed." N.Y. Civ. Prac. Law & R. 4540(c).

purported to certify that the agent in charge had legal custody of the fingerprint record was signed by the same agent in charge, and thus it did not comply with the C.P.L.R. 4540(c)'s requirement that the out-of-state document be authenticated by the certificate of a second, separate authority. Id. (citations omitted). The Appellate Division rejected the prosecution's contention that strict compliance with C.P.L.R 4540(c) was unnecessary, and remitted the matter for resentencing to allow the prosecution to attempt to overcome the technical defects of its proof. Id. (citations omitted). At present, the matter is presumably before the Erie County Supreme Court.

Petitioner has not sought a stay of the instant habeas petition pending the outcome of the appeal of his re-sentencing. In his timely filed petition, Ricks presents the following four grounds for relief: (1) the prosecutor relied on hearsay evidence to adjudicate petitioner as a second felony offender; (2) the trial court erroneously relied upon the Colorado statute to adjudicate Petitioner as a second felony offender; (3) he has been incarcerated in excess of the lawful term of incarceration; and (4) the trial court improperly relied upon his prior Colorado conviction at re-sentencing.

Respondent argues that the petition must be dismissed because Petitioner's claims are not exhausted and, in any event, do not implicate the federal constitution.

There is no reason why the Court should not proceed to adjudicate the petition, notwithstanding Ricks' failure to exhaust his state remedies, as none of the claims raised in the petition are cognizable on federal habeas review.

As discussed further below, Ricks' request for a writ of habeas corpus is denied, and the petition is dismissed.

**III. Discussion**

    **A.  Exhaustion**

Pursuant to 28 § U.S.C. 2254(b)(1), a habeas petitioner must first exhaust his remedies in state court before seeking federal habeas relief. See, e.g., O'Sullivan v Boerckel, 526 U.S. 838, 845 {1999) (a habeas petitioner must invoke "one complete round of the State's established appellate review process"). Here, Petitioner's challenges to his adjudication as a second felony offender and his sentence are still in progress in the state courts. Thus, he has not completed a full round of appellate review in state court as to any of the claims asserted in his habeas petition.

Title 28 U.S.C., § 2254(b)(2) provides that a habeas petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies in the courts of the State." 28 U.S.C. § 2254(b)(2). The rationale of 28 U.S.C. § 2254(b)(2) has been described as "spar[ing] state courts from needlessly wasting their judicial resources on addressing meritless claims solely for the sake of exhaustion." Keating v. New York, 708 F. Supp.2d 292,

299 n.11 (E.D.N.Y. 2010). The habeas statute does not articulate a standard for denying a petition containing unexhausted claims on the merits, and neither the Supreme Court nor the Second Circuit has established one. The various formulations suggested by district courts in the Second Circuit share "the common thread of disposing of unexhausted claims that are unquestionably meritless." Keating, 708 F. Supp.2d at 299 n.11 (citing Williams v. Artus, 691 F. Supp.2d 515, 526-27 (S.D.N.Y. 2010) (relying upon 28 U.S.C. § 2254(b)(2) where unexhausted claims were "plainly meritless"); Robinson v. Phillips, No. 04-CV-3446 (FB), 2009 WL 3459479, at *1 (E.D.N.Y. Oct. 23, 2009) (relying upon 28 U.S.C. § 2254(b)(2) where unexhausted claims were "patently frivolous")). On the other hand, comity demands that state courts be afforded the opportunity to pass upon any constitutional claim that is at least potentially meritorious before a federal habeas court decides it. See, e.g., Reid v. Angelone, 369 F.3d 363, 373 (4th Cir. 2004) (habeas court should not deny unexhausted claims if "reasonable jurists could debate" their merits).

Here, invocation of 28 U.S.C. § 2254(b)(2) to deny Ricks' petition containing unexhausted claims is appropriate as none of the claims raise even a colorable constitutional question.

**B.   Analysis of the Petition's Merits**

Petitioner contends that the prosecutor erroneously relied on hearsay evidence to have him adjudicated as a second felony

offender and that trial court erroneously relied upon a Colorado statute and Colorado conviction in connection with his adjudication as a second felony offender and his sentencing. Petitioner claims that as a result of these errors, he has been unlawfully incarcerated.

All of these contentions stem from alleged errors in the state courts' application of New York's recidivist sentencing scheme (e.g., N.Y. Penal Law § 70.06(1)(b)); and related rules for authenticating documents (e.g., C.P.L.R. 4540(c)), and, as such, present questions of state law that are not cognizable on federal habeas review. See 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (emphasis supplied); Saracina v. Artus, No. 10-3898-pr, 2011 WL 6353684, at *2 (2d Cir. Dec. 20, 2011) (unpublished opn.).

In Saracina, the habeas petitioner argued that the question of whether he was unlawfully adjudicated a persistent felony offender and improperly subjected to recidivist sentencing under New York state law was cognizable on federal habeas review because "the state court made an unreasonable factual determination or, in the alternative, violated [his] Due Process rights." Saracina, 2011 WL

6353684, at *2 (quotation to record omitted). The Second Circuit squarely rejected this contention as "without merit," explaining that "[w]hether a New York court erred in applying a New York recidivist sentencing enhancement statute is a question of New York State law, not a question of fact." Id. As the Second Circuit observed, it is beyond dispute that the province of a federal habeas court is not to "'reexamine state-court determinations on state-law questions.'" Id. (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). The Second Circuit pointed to several of its decades-old decisions holding that whether a foreign conviction can serve to enhance a New York state sentence is a question of state law not cognizable on federal habeas review. Id. (citing United States ex rel. Dennis v. Murphy, 265 F.2d 57, 58 (2d Cir. 1959) (per curiam) ("The use of a Canadian conviction in the application of the state multiple offender law is one of state procedure and presents no federal question."); United States ex rel. Read v. Martin, 263 F.2d 606, 606-07 (2d Cir. 1959) (per curiam) ("[T]he question of using a Canadian conviction for robbery not challenged for fairness in the application of the state second offender law, N.Y. Penal Law § 1941, seems preeminently one of state procedure.")).

In light of Saracina, it is clear that Petitioner has not established a violation of federal constitutional law in connection with his adjudication as a second felony offender or his

sentencing. Indeed, the only error identified by the Appellate Division in connection with Petitioner's sentencing was the trial court's application of the foundational requirements of a state statute, C.P.L.R. 4540(c). That statute clearly does not implicate federal constitutional law.

Because Ricks' petition contains no claims of federal constitutional magnitude, it is dismissed under the authority of 28 U.S.C. § 2254(b)(2), notwithstanding Ricks' failure to exhaust his state remedies.

## IV. Conclusion

For the reasons discussed above, the petition (Docket No. 1) is dismissed with prejudice. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

DATED:   January 19, 2012
         Rochester, New York